IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.05-00027-02-CR-W-HFS |
| RICHARD MARTINO, | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Sentencing has been scheduled for this morning. We have, however, a significant pre-sentencing motion to be ruled. Defendant asks that the plea agreement be altered to make it subject to Rule 11(c)(1)(C), which would require either the court's acceptance of the agreed sentencing range of 46-57 months, or rejection of the whole agreement, which would give defendant an opportunity to withdraw his plea. Thus we would have a "take it or leave it" issue for the court regarding the agreed sentence between the Government and the defendant. The attorneys and I conferred about this on Friday afternoon. The Government endorses the motion.

The effect of my acceptance of the motion would be to cut about three years off the sentence I would otherwise most likely impose. I have decided to grant the motion, but only because there is a companion prosecution in Federal Court in Brooklyn, with sentencing to follow this one. The judge there will have an opportunity to change the effect of a combined sentence that she might consider to be unduly lenient.

In my judgment, and in the opinion of the Probation Office, the parties miscalculated the sentencing range in the plea agreement last February. They used the Sentencing Manual for 2000 where I have now ruled the manual for 2002 is applicable. Instead of the agreed range of 46-57 months I believe the Guidelines would provide for a sentence in the range of 108-120 months, which is the statutory maximum sentence in this case. Ten years is also the statutory maximum in the Brooklyn case.

If I were not bound by the plea agreement, and without considering the case in Brooklyn, I expected to use a sentence of about eight years. There is no magic in eight years but I do think the agreement on a 57 month maximum sentence is less than adequate, in light of the seriousness of the offense, and would therefore reject last week's agreement if this case stood in isolation. That would cause some consternation, because a difficult trial before another judge might be required and it is not clear what could be done about the money already forfeited to the Government under the agreement. I understand that total is about to reach $15 million  Still, a reasonable sentence would be called for, and my supposition is that a revised plea agreement could be negotiated.

But the Brooklyn case changes the situation. District Judge Carol Amon in Brooklyn is free to add up to ten years to the sentence I use here. She has discretion, however, to make the sentence concurrent, for a total of ten years for this offense and the even more serious offense in Brooklyn. I understand that she did use a concurrent sentence with Daniel Martino. The plea agreement there recommends that the judge make her sentence concurrent, but the lawyers have confirmed, on the record, that this is just a recommendation, and she is free to disregard the joint recommendation of the parties if she chooses to do so. I assume the defendant has been well aware of the judge's discretion even though he might have high hopes that the ten year cap will be accepted in Brooklyn.

The signed agreement here provided that the court "is not bound by any recommendation regarding the sentence to be imposed. . ." Defendant signed it, and acknowledged he understood the agreement. I assume that was also true in Brooklyn.

It may be helpful to explain why I thought a sentence of about eight years was sound here. That would be two years below what the Guideline Manual for 2002 calls for, but, as the parties agree, they used the manual for 2000 in good faith because this defendant's active conduct in the creation of the conspiracy and in carrying out the conspiracy occurred before the adoption of the 2002 manual. The losses from his conduct and his leadership role continued, however, past the date of that manual. Using a single book method of calculation the later book and the increased penalty was applicable but that can be viewed as simply a rule of practice. The single book rule is a practical tool in determining sentences and is not required as a matter of fairness and justice. So because all of defendant's known misconduct occurred before the book was adopted, and probably the great bulk of the losses occurred before November 2002, I considered that a sentence part way between the earlier and later sentencing range would best fit this case. I was prepared to depart from the single book method.

When I sentence using the calculation of the parties I will be leaving more than five additional years for Judge Amon to sentence in her case if she chooses to use concurrent sentencing. If she concludes that is not enough, she can go up to a total of nearly 15 years for the two cases. In my judgment that will give her some desirable flexibility to do justice, perhaps more than if I imposed an eight year sentence and thereby created pressure to use consecutive sentences in her case, which is far larger in money terms than this one. I have a copy of the presentence report in the

3

Brooklyn case and thus speak with some assurance. The consumer fraud there exceeded $80 million, and I have seen a gross receipts figure of some $420 million.

The greatest concern I have is that Judge Amon might want authority to impose total prison time of up to 20 years, whereas the result of a 57 month sentence would hold her to more like fifteen years. I will accept that risk under the circumstances, and find some comfort in the top of the Guideline range for Judge Amon which is apparently 15 years and eight months. But to repeat, Judge Amon may be persuaded to use the recommendation of a ten year maximum.

It may be useful to add that counsel have cited to me a published opinion of Judge Kopf, from Nebraska, dated last September, where in a rather different case he sentenced a drug conspirator to 30 months below his Guideline calculation, based in part on a comparable mistaken Guideline calculation in the plea agreement. United States v. Coney, 390 F. Supp. 2d 844. I believe my case is somewhat easier to decide than was the drug case, because of what I have said about the companion case in Brooklyn.

So I will grant the motion and will sentence consistently with the plea agreement.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January 9, 2006

Kansas City, Missouri

4